WELCH GRAPE JUICE COMPANY *v.* PUBLIC
SERVICE COMMISSION.

1. CARRIERS—MOTOR CARRIERS—FRUITS IN RAW STATE.
   The transportation of fruits in the raw state is exempt from
   provisions of the motor carrier act (CL 1948, § 479.2).

2. SAME—TRANSPORTATION OF FRUITS—CONSTRUCTION OF STATUTES
   —MARKETS.
   The term "market" as used in provision of motor carrier act
   exempting vehicles engaged in "transportation of fruits, green
   vegetables, and sugar beets from farm or orchard to market"
   is construed broadly to include a winery, a canning factory,
   a processing plant, or other manufactory to which fruits,
   vegetables and sugar beets are transported for final disposi-
   tion, as more clearly effectuating the legislative intent than
   meaning a specific location for public sale to purchasers (CL
   1948, § 479.2).

3. SAME—TRANSPORTATION OF FRUITS—FOREIGN VEHICLES.
   Foreign vehicles are not excepted from provision of motor car-
   rier act exempting vehicles engaged in the "transportation of
   fruits, green vegetables, and sugar beets from farm or orchard
   to market," hence, Canadian trucks transporting grapes from
   Canada to a Michigan processing plant would not be subject
   to the act (CL 1948, § 479.2).

4. WORDS AND PHRASES—ACCOMMODATIVE ACT.
   An accommodative act may be that which furnishes someone
   with something desired, needed or convenient.

5. STATUTES—CONSTRUCTION OF WORDS.
   A word contained in a statute may not be defined isolated from
   its statutory meaning.

REFERENCES FOR POINTS IN HEADNOTES
[5] 50 Am Jur, Statutes § 247.
[10] 14 Am Jur, Costs § 91.

6. CARRIERS—OCCASIONAL ACCOMMODATIVE TRANSPORTATION SERVICE.
—SEASONAL TRANSPORTATION OF PERISHABLE COMMODITIES.

The term "occasional accommodative transportation service" as used in section of motor carrier act exempting certain vehicles from its operation, which, by statutory definition, includes "seasonal transportation of perishable commodities," includes such seasonal transportation although it occurs at regular intervals (CL 1948, § 279.2).

7. SAME—MOTOR CARRIERS—EXEMPTIONS—ACCOMMODATIVE TRANSPORTATION SERVICE—PAYMENT FOR ACCOMMODATION.

"Accommodative transportation service," as the term is used in exempting provision of the motor carrier act, is not limited to accommodation given as a favor, since the law distinctly contemplates that there may be payment for the accommodation (CL 1948, § 279.2).

8. SAME—MOTOR CARRIERS—FOREIGN CARRIERS—RAW GRAPES—RECIPROCITY.

A foreign motor carrier transporting ripe grapes from Canada to a processing plant in this State during a few weeks in the fall is exempt from the motor carrier act, since it is engaged in the transportation of a raw fruit as a perishable commodity, and foreign trucks are not excepted from the benefits of exemptions under the motor carrier act irrespective of absence of reciprocal exemptions to trucks belonging to residents of this State (CL 1948, § 279.2).

9. CONSTITUTIONAL LAW—PUBLIC POLICY—LEGISLATURE—SUPREME COURT.

Exceptions to the encouragement of the raising of fruit products and their free and unhampered transportation in the raw state, if any, must be made by the legislature and not by the Supreme Court.

10. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.

No costs are allowed in action to collect fees, paid by foreign motor carrier under duress, where the construction of the motor carrier act involves a public question (CL 1948, § 479.2).

Appeal from Court of Claims; Brennan (Leo J.), J., presiding. Submitted April 6, 1954. (Docket No. 1, Calendar No. 46,022.) Decided June 7, 1954.

The Welch Grape Juice Company, and Mason Cartage, Ltd., both corporations, presented their

claim against the State, the Public Service Commission of the State, and its members, for wrongful collection of fees. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Robert E. DesRoches* (*Daniel G. Shea,* of counsel), for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Robert A. Derengoski,* Assistants Attorney General, for defendants.

BUTZEL, C. J. The Welch Grape Juice Company purchases grapes both in Michigan and Ontario, Canada, and processes them in its plant at Lawton, Michigan. The very short season for gathering the ripe grapes is towards the end of September of each year. The grapes from Ontario are gathered at St. Catherines, Ontario, from which point they are transported by trucks of the Mason Cartage, Ltd., a Canadian trucking company, to Lawton, Michigan. The route usually traveled is from St. Catherines through Sarnia, Ontario, across the bridge to Port Huron, Michigan, and from there to Lawton, Michigan. The grapes must be transported without delay to avoid deterioration. The movement of the entire crop takes but a few weeks and by its very nature is a seasonal operation. For this purpose the Mason Cartage, Ltd., in 1951, used 60 trailer and truck units. The Public Service Commission of the State of Michigan, which together with its members are defendants and appellants herein, demanded that the Mason Cartage, Ltd., secure a certificate of public convenience and necessity to transport the grapes through Michigan and in lieu thereof was threatened with seizure of its trucks as well as the arrest of its drivers. Following the seizure of 4 trucks and arrest of the drivers, plaintiff Mason

Cartage, Ltd., paid under duress the sum of $2,805, the amount of fees involved in the regulatory process, between October 1 and October 18, 1951. The Welch Grape Juice Company, which reimbursed Mason Cartage, Ltd., under contractual provisions, and the Mason Cartage, Ltd., thereupon began suit in the Michigan court of claims to recover the amount so paid and judgment was rendered in their favor. Defendants have appealed.

Defendants assume a very fair attitude on appeal and cite law favoring plaintiffs as well as defendants. There is no disagreement as to the facts, the case having been submitted on an agreed statement of facts. The motor carrier act, CL 1948, § 475.1 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 22.-531 *et seq.*) contains the following exemptions from the regulatory provisions of the act in article 5, § 2 of the act, subparagraphs (f) and (g) (CL 1948, § 479.2 [Stat Ann 1953 Cum Supp § 22.567]):

"(f) Vehicles used for the transportation of fruits, green vegetables, and sugar beets from farm or orchard to market or for transferring or reloading such farm produce for other markets either local or foreign: Provided, That nothing contained in this subsection shall be deemed to exempt the transportation of such produce in other than the raw state;

"(g) Vehicles used for occasional accommodative transportation service including seasonal transportation of perishable commodities even though the cost of such accommodative service and seasonal transportation of perishable commodities may be paid by the person or persons so accommodated."

It will be noted that in section (f) vehicles used for the transportation of fruits in the raw state are exempt from the act. There is no question but that the grapes were transported in the raw state. In a letter submitted by appellants to the trial judge in

lieu of a formal brief, admissions were made concerning the administrative interpretation of subparagraph 2 (f). The word "market" as used in the statute has been interpreted in the broad sense in view of the inclusion of sugar beet transportation within the statute. Rather than meaning a specific location for public sale to purchasers, appellants concede that the term "market" has been interpreted by the administrative authorities to include a winery, a canning factory, a processing plant, or other manufactory to which fruits, vegetables and sugar beets are transported for final disposition. Such an interpretation of the statute seems proper and one which more clearly effectuates the legislative intent. Appellants apparently insist, however, that even though the transportation of such commodities would be exempt under the statute had such been produced within the State, such commodities when produced in a foreign country and transported into this State in foreign vehicles do not fall within the provisions of the exemption statute. It is sufficient to say, without discussing the constitutional question briefly referred to and implicit in such argument, that the legislature has not provided for such exception to the exemption statute set forth above.

The exemption in subparagraph (g) applies to "vehicles used for *occasional accommodative* transportation service *including seasonal transportation of perishable commodities* even though the cost * * * may be paid by the person or persons so accommodated." Defendants claim that the transportation was not an accommodation. It is pointed out by the trial judge in his opinion that according to Webster's New International Dictionary (2d ed), an accommodative act may be that which furnishes someone with something desired, needed or convenient. See *Powell* v. *Utz* (DC Wash), 87 F Supp 811.

Appellants further insist that the series of transportation operations performed by plaintiffs during the short period cannot be considered as falling within the definition of the word "occasional" as used in the statute. As set forth in the statute, the phrase "occasional accommodative transportation service" specifically includes "seasonal transportation of perishable commodities." Therefore, even though the word "occasional" may at times mean "casual," "incidental," "infrequent," or "occurring at irregular intervals," the word may not be defined isolated from its statutory meaning. The seasonal transportation of perishable commodities must be taken as included within its meaning, although in one sense such seasonal transportation occurs at regular intervals. The very fact that section (g) provides that the transportation may be paid for by the person or persons accommodated shows that the law distinctly contemplated payment for the accommodation. The law, drafted so as to include accommodation that is paid for, is not limited to accommodation given as a favor. The trial judge concluded that a fair construction of the law excepted plaintiffs from the act when engaged in the seasonal transportation of raw fruits. We cannot come to a different conclusion.

Defendants raise a question for the first time that was not raised in the trial court. They read into the law the exception that foreign trucks may not have the benefit of the exemptions if the laws of that country do not show a reciprocal exemption to trucks belonging to residents of Michigan. The whole tendency of the laws of most of the States is to encourage the raising of fruit products and their free and unhampered transportation in the raw state. If there is to be any exception, it must be made by the legislature and not by this Court.

Judgment in favor of plaintiffs for full amount of the claim is affirmed. Inasmuch as the question raised is a public one involving the interpretation of a statute, no costs are allowed.

Carr, Bushnell, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.